NO. 07-09-0274-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 5, 2011

---

JOE D. VILLARREAL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

---

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,073; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

---

*Memorandum Opinion*

---

Before QUINN, C.J., and CAMPBELL  and HANCOCK, JJ.

Joe D. Villarreal seeks reversal of his conviction of injury to a child (his daughter) by contending the trial court erred in admitting 911 calls made by his wife when she did not testify at trial.  We affirm the judgment.

On November 23, 2006, Police Officer Chris Jenkins was dispatched to an address in response to two hang-up 911 calls.[1]  A third 911 call was made while the

---

[1]The first call was a hang-up.  The 911 operator then called the number back and a man answered and told the operator that there was no problem.  In the next call, a woman merely said she

officer was in route. Jenkins met the victim's mother, Delores, who had suffered injuries at the hand of appellant, her husband. Appellant had left in his vehicle with the couple's twelve-year-old daughter, and her mother was concerned for her welfare. The officer drove Delores to her own mother's house for her safety. A short time later, Delores called 911 again. When Jenkins arrived, Delores pointed out appellant's vehicle driving toward them. The vehicle accelerated past them but was stopped shortly thereafter by another police officer. The daughter was removed from the vehicle and had injuries to her face.

Delores did not testify at trial. Appellant argues that the 911 calls with Delores' voice on them should not have been admitted into evidence because they violated his right to confront the witness.[2]

The Sixth Amendment right to confront witnesses applies to out-of-court statements that are testimonial in nature. *Martinez v. State,* 311 S.W.3d 104, 109-10 (Tex. App.–Amarillo 2010, pet. ref'd). The admission of testimonial hearsay is forbidden unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington,* 541 U.S. 36, 59, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004). Whether an out-of-court statement is testimonial is a question of law. *De La Paz v. State,* 273 S.W.3d 671, 680 (Tex. Crim. App. 2008). A statement is testimonial when the surrounding circumstances objectively indicate that

---

needed a cop and hung up. The next two 911 calls contain more substantive information from the victim's mother.

[2]Appellant's objection at trial was rather broad. He simply invoked the constitution instead of identifying the particular provision of that document which he thought was involved. Yet, for purposes of this appeal, we assume, *arguendo*, that such was enough to preserve his current complaint for review.

the primary purpose of the interview or interrogation is to establish or prove past events potentially relevant to later criminal prosecution. *Id.* In determining whether a statement is testimonial, we may examine whether 1) the situation was still in progress, 2) the questions sought to determine what was transpiring, 3) the primary purpose of the interrogation was to render aid rather than memorialize a possible crime, 4) the questioning was conducted in a separate room away from the alleged attacker, and 5) the events were deliberately recounted in a step-by-step fashion. *Vinson v. State,* 252 S.W.3d 336, 339 (Tex. Crim. App. 2008). Generally, 911 calls are not designed to establish or prove some past facts but to describe current circumstances requiring police assistance, although they can evolve into testimonial statements once the questions necessary to resolve the emergency have been posed. *See Davis v. Washington,* 547 U.S. 813, 828, 126 S.Ct. 2266, 2277, 165 L.Ed.2d 224 (2006).

Here, the calls related to a situation in progress. The first two occurred at 10:20 and 10:23 p.m. The officer met with Delores at 10:29 p.m. and took her to her mother's house at 10:48 p.m. The last 911 call occurred at approximately 11:09 p.m. Thus, less than an hour lapsed between all of them. Furthermore, in one, Delores could be heard crying and imploring the police to hurry because appellant had their daughter. In another, she told the 911 operator that appellant had just called and theatened to harm the child if she (Delores) did not return his phone. When the officer spoke to Delores in person, he also learned information that caused him to be concerned for the child's safety. Moreover, the girl was not taken from appellant until after the last of the calls.

From these circumstances, one can reasonably infer that the primary purpose of the calls was to enable police to meet an ongoing emergency rather than garner

3

inculpatory or testimonial evidence for later use. And, to the extent that the calls may have referenced past events, the burden was on appellant to specifically point out the portions of the calls that were inadmissible. *Whitaker v. State,* 286 S.W.3d 355, 369 (Tex. Crim. App. 2009); *Reyes v. State,* 314 S.W.3d 74, 78 (Tex. App.–San Antonio 2010, no pet.). He did not do that. Indeed, appellant failed to discuss the content of the calls and explain what portion of that content was allegedly objectionable. Instead, he simply argued that the transcription of the calls in their entirety should not be admitted. Such a broad attack falls short of adequately illustrating that any testimonial evidence was admitted.

Consequently, we hold that the trial court's decision to admit the evidence despite appellant's oblique objection fell within the zone of reasonable disagreement and, therefore, failed to constitute an instance of abused discretion. The judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.


4